No. 10-3596

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA ,                    *APPELLEE*

VS.

KIRK DEMEYER,                              *APPELLANT*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

**Honorable Jimm Larry Hendren
United States District Judge**

### BRIEF FOR APPELLANT

### JENNIFFER HORAN
### FEDERAL PUBLIC DEFENDER

By: Jack Schisler
Assistant Federal Defender
3739 Steele Blvd., Suite 280
Fayetteville, AR 72703
(479) 442-2306
jack_schisler@fd.org

## SUMMARY AND REQUEST FOR ORAL ARGUMENT

Appellant, Kirk DeMeyer, pled guilty to four counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e). Mr. DeMeyer was sentenced by the district court to 360 months imprisonment on each count, the sentences to run consecutively with each other, and concurrent with Mr. DeMeyer's undischarged Arkansas state sentence of 40 years. The term of imprisonment is to be followed by a lifetime term of supervised release on each count, those terms to run concurrently with each other. The district court also imposed a fine in the amount of $25,000.00 and $400 in special monetary assessments ($100 for each count). Following the imposition of the sentence by the district court, Mr. DeMeyer instructed his attorney to file a Notice of Appeal. Oral argument is requested if the Court believes it would assist in the decision of this appeal. Fifteen (15) minutes would suffice.

Appellate Case: 10-3596    Page: 2    Date Filed: 12/21/2010 Entry ID: 3736921

## TABLE OF CONTENTS

Summary and Request for Oral Argument ............................... ii

Table of Contents ............................................... iii

Table of Authorities ............................................. v

Jurisdictional Statement ......................................... 1

Issue(s) Presented for Review .................................... 2

Statement of the Case ........................................... 3

Statement of Facts .............................................. 4

Summary of the Argument ....................................... 9

Argument ...................................................... 10

    A. Mr. DeMeyer's sentence of 1,440 months imprisonment (120 years) is substantively unreasonable.

        1.Standard of Review ..................................... 10

            a. Procedural Soundness of Sentence Imposed ........... 10

            b. Substantive Reasonableness of Sentence Imposed ...... 11

        2. Discussion ........................................... 12

Conclusion ..................................................... 17

Certificate of Service/Compliance ................................ 19

Addendum ...................................................... AD

Appellate Case: 10-3596    Page: 3    Date Filed: 12/21/2010 Entry ID: 3736921

Judgment In A Criminal Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . AD 1-6

iv

# TABLE OF AUTHORITIES

***Cases***                    ***Page(s)***

*Gall v. United States,* 552 U.S. 38 (2007)...............................................5,6

*Rita v. United States,* 551 U.S., 338 (2007)...........................................7

*United States v. Betcher,* 534 F.3d 820 (8th Cir. 2008)..........................3

*United States v. Bryant,* 606 F.3d 912 (8th Cir. 2010)...........................6

*United States v. Christiansen,* 582 F.3d 860 (8th Cir. 2009).................11

*United States v. Feemster,* 572 F.3d 455 (8th Cir. 2009)........................6

*United States v. Garcia,* 512 F.3d 1004 (8th Cir. 2008)..........................7

*United States v. Jensen,* 493 F.3d 997 (8th Cir. 2007)...........................11

*United States v. Keller,* 413 F.3d 706 (8th Cir. 2005)...........................11

*United States v. Linderman,* 587 F.3d 896 (8th Cir. 2009)......................7

*United States v. Luleff,* 574 F.3d 566 (8th Cir. 2009)..............................6

*United States v. Martinez,* 557 F.3d 597 (8th Cir. 2009).........................5

*United States v. Merrival,* 521 F.3d 889 (8th Cir. 2008).........................5

*United States v. Moore,* 565F.3d 435 (8th Cir. 2009)..............................6

*United States v. Selby,* 184 Fed.Appx. 589 (8th Cir. 2006)....................11

*United States v. Washington,* 515 F.3d 861 (8th Cir. 2008)....................6

Appellate Case: 10-3596  Page: 5  Date Filed: 12/21/2010 Entry ID: 3736921

## Statutes

18 U.S.C. §2251(a)...........................................................................i,iv,v,vi,3,7

18 U.S.C. §2251(b)..........................................................................................7

18 U.S.C. §2251(e)......................................................................................i,vi

18 U.S.C. §3231.............................................................................................iv

18 U.S.C. §3553(a)................................................................2,3,4,5,8,11,12,13

## Rules

Fed. R. App. P. 4...........................................................................................iv

Fed. R. App. P. 4(b)(A)(I)............................................................................iv

## Other Sources

www.cdc.gov/nchs/fastats/lifexpec.htm;...................................................10

*2009 Sourcebook of Federal Sentencing Statistics*...................................11

www.ussc.gov/Data_and_Statistics?Annual_Reports_and_Sourcebooks/2009/appe
ndix_A.pdf at p.4.........................................................................................12

Appellate Case: 10-3596    Page: 6    Date Filed: 12/21/2010 Entry ID: 3736921

# JURISDICTIONAL STATEMENT

This is an appeal from a final Judgment In A Criminal Case from the United States District Court, Western District of Arkansas, in which the Appellant, Kirk DeMeyer, pled guilty to four counts alleging violation of 18 U.S.C. § 2251(a). Because Mr. DeMeyer was found to have violated a provision of the United States Code, the district court had jurisdiction pursuant to 18 U.S.C. § 3231. The district court's Judgment was filed on November 15, 2010 . The Notice of Appeal was filed timely on November 18, 2010. The United States Court of Appeals for the Eighth Circuit has jurisdiction in this case pursuant to 28 U.S.C. § 1291, which provides the Court jurisdiction over the final judgments of district courts of the United States. *See also* FED. R. APP. P. 4. Mr. DeMeyer brings this appeal as a matter of right pursuant to FED. R. APP. P. 4(b)(A)(I) from the district court's final Judgment in this case.

Appellate Case: 10-3596    Page: 7    Date Filed: 12/21/2010 Entry ID: 3736921

## **ISSUE PRESENTED FOR REVIEW**

Mr. DeMeyer's Sentence of 1,440 Months Imprisonment
(120 Years) Is Substantively Unreasonable.

Appellate Case: 10-3596    Page: 8    Date Filed: 12/21/2010 Entry ID: 3736921

## STATEMENT OF THE CASE

On January 25, 2010, Appellant, Kirk DeMeyer, appeared for a change of plea hearing. Mr. DeMeyer declined to change his plea on this date and the matter was re-set for trial, this time on April 19, 2010. On April 9, 2010, Mr. DeMeyer again appeared for a change of plea and entered guilty pleas to Counts One through Four of a superseding indictment. Those counts alleged violations of 18 U.S.C. § 2251(a).

On November 10, 2010, the district court sentenced Mr. DeMeyer to 360 months imprisonment on each count, the sentences to run consecutively with each other, and concurrently with Mr. DeMeyer's undischarged Arkansas state sentence of 40 years. The term of imprisonment is to be followed by a lifetime term of supervised release on each count, those terms to run concurrently with each other. The district court also imposed a fine in the amount of $25,000.00 and $400 in special monetary assessments ($100 for each count).

Following the imposition of this 1,440-month sentence by the district court, Mr. DeMeyer instructed his attorney to file a Notice of Appeal. This appeal followed.

3

## STATEMENT OF FACTS

Appellant, Kirk DeMeyer, pled guilty to four counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e) on April 9, 2010. The factual basis for the plea was contained in the plea agreement (Doc. No. 18):

> The Defendant, a resident of Mountain Home, Arkansas, which is within the Western District of Arkansas, Harrison Division, between May 2008 through and including May 2009, on four separate occasions that are specified in counts one through four of the superseding indictment, used a minor, namely Jane Doe #1, to engage in sexually explicit conduct, as that term is defined in Title18 United States Code, Section 2256, intending to record this activity with a camera, which the defendant did.
>
> The digital camera defendant used to record the victim engaged in sexually explicit conduct was a Sony Cybershot manufactured outside the State of Arkansas. Therefore, the images of the minor engaged in sexually explicit conduct were produced by the defendant at his home in the Western District of Arkansas with material that had traveled in interstate and foreign commerce to Arkansas.
>
> On May 8, 2009, the defendant was interviewed by ICE Special Agent Scott Crawford and FBI Special Agent Justin Ledzinski. After being advised and waiving his Miranda rights, the defendant admitted to engaging in sexually explicit conduct with the victim; the defendant admitted he produced images of the minor engaged in sexually explicit conduct; and, the defendant admitted to downloading these images from his camera to his computer.

4

On November 10, 2010, Mr. DeMeyer appeared before the district court for sentencing. At sentencing, the district inquired into Mr. DeMeyer's understanding of the proceedings and determined him to be unimpaired . (Sentencing Transcript, "ST," 47-49). The court next reviewed the prior proceedings, discussing the plea hearing. (ST, 50). There were no unresolved objections to the presentence report and the government moved for a three- point reduction for acceptance of responsibility. (ST, 51-52).

Based on the presentence report and motion of the government, the district court calculated a total offense level of 43 and a criminal history category of I, which subjected Mr. DeMeyer to a advisory guideline imprisonment range of life, to be followed by a term of supervised release of up to life, and a fine range of $25,000 to $250,000 with a $100 special assessment for each count of conviction (ST, 57-58). The court then discussed the method by which the sentences for each count would be imposed in order to reach the advisory guideline range:

> [T]he Court believes that pursuant to the teachings of the sentencing guidelines it is obliged to impose sentences in a consecutive fashion to try to achieve a sentence that approaches the guideline range, which as I mentioned is life[.]

ST, 58.

Prior to the arguments of counsel, the court explained to Mr. DeMeyer that the court would consider those arguments, along with any statement Mr. DeMeyer might wish to make, along with Presentence Investigation Report , and all in light of the factors set out in 18 U.S.C. § 3553(a). The court read those factors into the record. (ST, 59-60).

The attorney for the government argued that as a producer of child pornography, Mr. DeMeyer should receive the guideline sentence. (ST, 62). Counsel then argued for a 30-year sentence (360 months), requesting that each of the four counts be run concurrently with each other and concurrent with the undischarged state sentence. The argument was based on Mr. DeMeyer's age of 51, and the length of time he would serve on a 30-year sentence, which counsel calculated at 26.5 years[1], as well as the 28 years Mr. DeMeyer would serve on the 40-year state sentence. Counsel argued that a sentence of this length would comport with the parsimony principle of § 3553(a), that a sentence should be sufficient but not greater than necessary to effectuate the purposes of punishment, as well as the other § 3553(a) requirements. (ST, 62-63). Counsel suggested an alternative sentence of 60 years (720 months), which involved running two of the

--------------------

[1]At the time of sentencing, Mr. DeMeyer had actually reached the age of 52. Counsel also points out his arithmetic errors. 85% of 30 years is 25.5, not 26.5, and 85% of 60 years is 51, not 53 as noted in the transcript.

6

counts consecutively with each other and concurrently with the other two counts, but noted the former as the preferred sentence. (ST, 63). Mr. DeMeyer was offered the opportunity to allocute and he declined. (ST, 64).

The court then addressed the § 3553(a) factors and discussed the reasons it intended to impose a life sentence, including the fact that Mr. DeMeyer's victim was his own daughter and that she is developmentally disabled. (ST, 65). The court also compared conduct consisting of possession of child pornography with conduct consisting of production of child pornography, noting the latter is much more severe and likely " . . . motivated our lawmakers to prescribe such severe penalties." (ST, 66). The court went on to describe the instant conduct as an example " . . . of child pornography at its worst and its most hurtful[.]" (ST, 67). Finally, the court discussed how long a life sentence should be. Discussing unspecified cases, the court noted that other judges have imposed sentences of 150 years, 240 years, up to 700 years.[2] The court candidly admitted it was not sure that the cases it was discussing were child pornography cases, or that the length of the sentences mentioned was correct, but noted that the sentences were for

_____

[2]The court was most likely referencing *United States v. Betcher*, 534 F.3d 820 (8th Cir., 2008) where this Court affirmed as reasonable a 750-year sentence for convictions relating to 24 counts of production of child pornography in violation of 18 U.S.C. § 2251(a).

7

". . . tremendously long periods of time." The court also stated that sentences of that length had been approved as not being unreasonable. (ST, 70). The district court then imposed the 120-year (1,440 month) sentence as noted above. (ST, 75-79). This appeal followed.

8

Appellate Case: 10-3596    Page: 14    Date Filed: 12/21/2010 Entry ID: 3736921

## SUMMARY OF THE ARGUMENT

A sentence of 1,440 months (120 years) is a substantively unreasonable sentence that does not comport with the parsimony principle of 18 U.S.C. § 3553(a) calling for sentences to be "sufficient but not greater than necessary" to effectuate the purposes of punishment. Mr. DeMeyer was 52 years old at the time of sentencing. Assuming Mr. DeMeyer received all of the good time credit available to him while imprisoned on a 360-month sentence, the resulting term would have been 306 months (85% of 360), or 25.5 years, making Mr. DeMeyer eligible for release at age 77. Under the current sentence, he will be eligible for release at age 154, assuming he served <u>only</u> 85% (102 years) of the 120 year sentence.

9

## ARGUMENT

### Mr. DeMeyer's Sentence of 1,440 Months Imprisonment (120 Years) Is Substantively Unreasonable.

Mr. DeMeyer argues that the district court erred in sentencing him to 120 years imprisonment. Mr. DeMeyer contends that the sentence is not substantively reasonable, in that it does not accurately reflect a "life" sentence as contemplated by the guidelines. The sentence is violative of § 3553(a)'s guiding principle that a sentence should be "sufficient but not greater than necessary" to effectuate the purposes of punishment. It also appears that the court did not properly take into account Mr. DeMeyer's age at the time of sentencing when calculating the length of sentence it would impose.

*Standard of Review*

This Court "'review[s] all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard.'" *United States v. Martinez*, 557 F.3d 597, 599-600 (8th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "On appeal, [this Court] may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). When doing so, this Court must first:

10

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting the sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the guidelines range.

*Gall v. United States*, 552 U.S. 38, 51(2007). Second, if this Court is "certain that the district court's decision is 'procedurally sound' [this Court] is to 'then consider the substantive reasonableness of the sentence imposed . . .'" *United States v. Washington*, 515 F.3d 861, 865 (8th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Mr. DeMeyer is not arguing that the district court committed procedural error. He is, however, arguing that the sentence imposed was substantively unreasonable.

"[T]his Court reviews the substantive reasonableness of a sentence "under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51(2007). [A]n abuse of discretion occurs "where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Moore*, 565 F.3d

11

435, 438 (8th Cir.2009) (quotation omitted). *United States v. Bryant*, 606 F.3d 912, 921 (8th Cir., 2010). "In conducting this review, [this Court is] is to 'take into account the totality of the circumstances . . .'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *Gall*, 552 U.S. 38, 51 (2007)). The defendant "bears the burden of proving that his sentence is unreasonable." *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009).

2. Discussion

I. Sentence Within the Guideline Range

"A sentence falling within the applicable guideline range may be presumed to be substantively reasonable." *United States v. Linderman*, 587 F.3d 896, 901 (8th Cir. 2009) (citing *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008) and *Rita v. United States*, 551 U.S. 338, 347 (2007)).

In the instant case, the district court sentenced Mr. DeMeyer to 120 years imprisonment, (four 360-month terms run consecutively) to constitute a "life" sentence as suggested by the guidelines. Even though this sentence is technically a within-guideline sentence, Mr. DeMeyer argues that the court should have sentenced him to 360 months in light of his age.[3]

---

[3]An alternate 720-month sentence was suggested if the court was disinclined to impose the requested 360-month sentence.

12

## II. Sentence Within Statutory Range

Mr. DeMeyer pled guilty to violating 18 U.S.C. § 2251(a) and (b). Under this provision, the statutory term of imprisonment is not less than 15 years and not more than 30 years on each of four counts.

The district court sentenced Mr. DeMeyer to 30 years on each count, with the sentences to run consecutively to each other. While within the statutory range, taking into account the stacking of the sentences for the four counts, the sentence is unreasonable and does not comport with § 3553(a).

## III. Sentencing Purposes of 18 U.S.C. § 3553(a)

18 U.S.C. § 3553(a) provides guidance for a sentencing court that is to be employed when determining an appropriate sentence for a defendant. The provision reads:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court in determining the particular sentence to be imposed, shall consider–
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed–
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;

13

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for–

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

(5) any pertinent policy statement

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims in the offense

*Id.*

### *Substantive Reasonableness of Sentence Imposed*

Mr. DeMeyer contends that the sentence imposed by the district court is substantively unreasonable because the court committed a clear error of judgment in determining that a 120 year sentence was sufficient but not greater than necessary in light of the facts of Mr. DeMeyer's case. The court failed to give

14

sufficient weight to Mr. DeMeyer's age when considering how many years of imprisonment would equate with a life term in prison. The only reference by the court to Mr. DeMeyer's age came in a brief discussion just prior to the imposition of sentence regarding the supervised release component of the sentence.

> I mentioned to counsel in chambers the conditions that I will be imposing in connection with supervised release. I don't know that that will come into play for you, Mr. Demeyer, in light of your age at this point, but it could happen. Who knows. We can't predict that future any more than we could predict how long a life will be for whatever purpose.

(ST, 71).

In imposing a 120-year sentence, the court clearly disregarded the parsimony principle. Although the court made reference to the Biblical figure Methuselah, and opined he may have lived more than 900 years (ST, 70), it is unreasonable to use that figure as any kind of a benchmark to determine the length of a guideline life sentence, especially when there are better predictors available. The Centers for Disease Control and Prevention set the average life expectancy of a United States citizen to be 77.9 years, and more specifically for a 52-year-old white male such as Mr. DeMeyer, at

15

79.4 years.[4]  To be sure, these are only approximations, but 79.4 years is certainly much closer to Mr. DeMeyer's projected release at age 77 after completing 85% of a 30-year sentence than it is to age 154, the age he would be if he completed 85% of a 120-year sentence. It should also be noted that should Mr. DeMeyer be released at age 77, his sentence still includes multiple concurrent life terms of supervised release. Those terms of supervised release would assure that the § 3553(a) factors would continue to be enforced.

The Eighth Circuit, when faced with equating a term of months to a mandatory life sentence has used a variety of numbers. In *United States v. Christiansen*, 582 F.3d 860, 862 (8th Cir., 2009), the Circuit affirmed the district court's use of 406 months as the baseline when applying a substantial assistance departure to the mandatory life sentence faced by the defendant.  406 months is approximately 33.8 years, just over three years longer than the 30-year sentence suggested for Mr. DeMeyer. The *Christiansen* court catalogued other cases where other terms of months were substituted for life terms.

> The Guidelines do not prescribe a life sentence equivalent in months. In *United States v. Keller*, 413 F.3d 706, 711 & n. 5 (8th Cir.2005), cert. denied, 546 U.S. 1053, 126 S.Ct. 786, 163 L.Ed.2d 609 (2005), we affirmed the use of a

---

[4]http://www.cdc.gov/nchs/fastats/lifexpec.htm;
http://www.cdc.gov/nchs/data/nvsr/nvsr58/nvsr58_21.pdf

16

470-month starting point, based upon life expectancy data in the Sentencing Commission's 2001 Sourcebook of Federal Sentencing Statistics. In *United States v. Selby*, 184 Fed.Appx. 589, 591 (8th Cir.2006) (unpublished), we concluded that the use of 405 months was not error. In *United States v. Jensen*, 493 F.3d 997, 1000 (8th Cir.2007), vacated, --- U.S. ----, 128 S.Ct. 1069, 169 L.Ed.2d 803 (2008), we upheld the use of 360 months[.]

*Christiansen,* 582 F.3d at 862.

The Sentencing Commission's *2009 Sourcebook of Federal Sentencing Statistics* "caps" life sentences at 470 months,[5] suggesting that terms of months less than 470 could also be appropriate.

The conclusion that can be drawn from a review of these suggestions for terms of months with which to equate a life sentence is this: none of the terms suggested are remotely close to the 1,440 months imposed in the instant case. In fact, the highest number referenced–470 months–is less than one third of that sentence. The implication is that a 1,440 month sentence is outside what is reasonable under the circumstances.

## **CONCLUSION**

Mr. DeMeyer contends that the district court did not properly consider the factors enumerated in 18 U.S.C. § 3553(a). Mr. DeMeyer argues that the district court,

---

[5]http://www.ussc.gov/Data_and_Statistics/Annual_Reports_and_Sour cebooks/2009/appendix_A.pdf at p. 4.

17

in imposing a sentence of 120 years, recognized but ignored the parsimony principle. He further argues that the fact other courts may have imposed sentences of that length or more is not a sufficient justification for his sentence. His age, a critical factor when attempting to determine how long he might live, appears not to have been important to the court's calculus, and it should have been.

Thus, Mr. DeMeyer argues that his case should be remanded for resentencing so that the district court can appropriately consider all of the sentencing factors of 18 U.S.C. § 3553(a), specifically incorporating his age into determining a sentence that is sufficient but not greater than necessary under the circumstances.

WHEREFORE, counsel respectfully requests the case be remanded for resentencing.

Respectfully submitted,

JENNIFFER HORAN
FEDERAL DEFENDER

By:   *Jack Schisler*
Jack Schisler
Assistant Federal Defender
3739 Steele Blvd., Suite 280
Fayetteville, AR 72703
(479) 442-2306

18

## **CERTIFICATE OF SERVICE/COMPLIANCE**

I hereby certify that a true and correct electronic version of the foregoing Appellant's Brief was submitted for filing using the CM/ECF system pursuant to amended Local Rule 28A on this 20th day of December, 2010. A true and correct copy will be mailed or otherwise duly forwarded to the Appellant, Kirk DeMeyer, and to:

> David Harris
> Assistant United States Attorney
> P.O. Box 1524
> Fort Smith, AR 72902

upon receipt of notice that the electronic version of the brief has been accepted for filing. This brief has been scanned for viruses and is virus-free. I further certify the full text of this brief was prepared in WordPerfect X5, font Times New Roman 14, and that this brief contained total 4031 words.

*Jack Schisler*
Jack Schisler
Assistant Federal Defender
3739 Steele Blvd., Suite 280
Fayetteville, AR 72703

Appellate Case: 10-3596    Page: 25    Date Filed: 12/21/2010 Entry ID: 3736921