No. 10-3596

---

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

UNITED STATES OF AMERICA

Appellee

v.

KIRK DEMEYER

Appellant

---

Appeal from the
United States District Court
Western District of Arkansas
Harrison Division

Honorable Jimm Larry Hendren
Chief United States District Judge

---

# BRIEF OF APPELLEE

---

Conner Eldridge
United States Attorney
By: David A. Harris
Assistant U.S. Attorney
Arkansas Bar No. 2003104
414 Parker Avenue
Fort Smith, AR   72901
(479) 783-5125

## CASE SUMMARY AND STATEMENT ON ORAL ARGUMENT

The appellant, Kirk Demeyer, was convicted of Production of Child Pornography (four counts) in violation of 18 U.S.C. §§2251(a) and (e). Prior to trial, the appellant entered a plea of guilty to counts one through four of the eleven count Superseding Indictment. The appellant was sentenced by the United States District Court for the Western District of Arkansas on November 10, 2010. The district court sentenced the appellant to three hundred sixty (360) months imprisonment on each count, to run consecutively, for a total of one hundred twenty (120) years imprisonment. This sentence was ordered to run concurrent with the appellant's state sentence. The appellant was also ordered to pay a $25,000 fine and a $400.00 special assessment fee. The appellant subsequently filed an appeal with this Court, arguing that the district court abused its discretion in sentencing him to a term of 120 years imprisonment. The United States submits that the district court did not abuse its discretion in this sentence, and in fact had a reasonable basis upon which to sentence the appellant to the aforementioned term of imprisonment. The United States further submits that the facts and legal arguments are adequately presented in the briefs, exhibits, and record. The United States waives oral argument.

Appellate Case: 10-3596    Page: 2    Date Filed: 02/09/2011 Entry ID: 3753680

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

Summary and Statement Concerning Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities:

      Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

      Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

      Rules and Other Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Arguments:

      The District Court did not Abuse its Discretion in Sentencing the appellant to
      120 years. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ii

# TABLE OF AUTHORITIES

**Page**

**CASES**

Gall v. United States, 552 U.S. 38,128 S. Ct. 586 (2007) . . . . . . . . . . . . . vi, 10, 13

United States v. Betcher, 534 F.3d 820 (8th Cir. 2008) . . . . . . . . . . . . . . . . . 12-13

United States v. Bolden, 596 F.3d 976 (8th Cir. 2010) . . . . . . . . . . . . . . . . . 10-12

United States v Dehghani, 550 F.3d 716, 723 (8th Cir. 2008) . . . . . . . . . . . . 14-15

United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009) . . . . . . . . . . . . . . . . . 10

United States v. Milk, 447 F.3d 593, 603 (8th Cir. 2006) . . . . . . . . . . . . . . . . . 10

United States v. Stults, 575 F.3d 834 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . 13

United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006) . . . . . . . . . 11

United States v. Walker, 439 F.3d 890, 892 (8th Circ. 2006) . . . . . . . . . . . . . . . 14

**STATUTES**

18 U.S.C. § 2251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 1, 5, 11

18 U.S.C. § 2251(d)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2251(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 1, 5, 11

18 U.S.C. § 2252(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2252(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2252A(a)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2252(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Appellate Case: 10-3596    Page: 4    Date Filed: 02/09/2011 Entry ID: 3753680

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8-13, 15-17

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

## RULES AND OTHER AUTHORITIES

Fed. R. App. P. 4(b)(1) & (4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Fed. R. App. P. 32(a)(7)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Appellate Case: 10-3596    Page: 5    Date Filed: 02/09/2011 Entry ID: 3753680

# JURISDICTIONAL STATEMENT

Kirk Demeyer appeals from a judgment entered against him by the United States District Court for the Western District of Arkansas (Honorable Jimm Larry Hendren, Chief Judge, presiding). The district court had jurisdiction for this case under 18 U.S.C. §3231. The judgment of the district court constitutes an appealable final order. The district court sentenced the defendant and entered its judgment on November 15, 2010. Demeyer filed a timely notice of appeal on November 18, 2010. See Fed. R. App. P. 4(b)(1) & (4). Jurisdiction for this appeal lies under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Appellate Case: 10-3596    Page: 6    Date Filed: 02/09/2011 Entry ID: 3753680

## <u>STATEMENT OF ISSUES</u>

I.    **The District Court did not Abuse its Discretion in Sentencing the Appellant to 120 years in Prison.**

<u>Gall v. United States</u>, 552 U.S. 38,128 S. Ct. 586 (2007)

Appellate Case: 10-3596   Page: 7   Date Filed: 02/09/2011 Entry ID: 3753680

## STATEMENT OF THE CASE

On November 4, 2009, the appellant, Kirk Demeyer, was named in a ten-count Indictment filed by a Federal Grand Jury in the Western District of Arkansas. The Indictment charged the appellant with six counts of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); three counts of Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); and one count of Possessing Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). On November 19, 2009, the appellant appeared for an arraignment and entered a plea of "not guilty" to the Indictment. On January 25, 2010, the appellant appeared for a change of plea in the Harrison Division, Western District of Arkansas. The appellant declined to change his plea and trial was set for April 19, 2010. On March 31, 2010, the appellant was named in a eleven-count Superseding Indictment. Counts one through ten were reincorporated in the Superseding Indictment. Count eleven charged the appellant with Advertising Child Pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (e). On April 9, 2010, the appellant appeared for arraignment on the Superseding Indictment, at which time the appellant entered guilty pleas to counts one through four of the Superseding Indictment.

On November 10, 2010, the district court reviewed the presentence report prepared by the United States Probation Office, heard arguments from both the appellant's attorney and the Assistant United States Attorney and sentenced the

1

appellant to 360 months on each count, consecutive with each other, and concurrently with the appellant's state sentence, followed by lifetime supervision on each count. The district court also imposed a fine of $25,000.00 and $400.00 in special assessments. (Docket Entry #29). The district court's pronounced sentence was within the recommended Sentencing Guidelines range of "Life." This appeal followed.

Appellate Case: 10-3596    Page: 9    Date Filed: 02/09/2011 Entry ID: 3753680

*Preliminary Proceedings:*

The appellant, Kirk Demeyer, is a resident of the Western District of Arkansas, Harrison Division. In 2005 the Newark, New Jersey Immigration and Customs Enforcement (ICE) Cyber Crimes Group began investigating a hard-core child pornography website where individuals were allowed to purchase access to the website in the amount of $79.99, using a credit card. (Pre-Sentence Report, "PSR" ¶ 8). The investigation led to identifying 300 individuals in the United States as having a membership to the website. (PSR ¶ 8). One of the individuals identified was the appellant, Kirk Demeyer. (PSR ¶ 8).

Independent from the ICE investigation was an undercover operation being conducted by the Federal Bureau of Investigation (FBI) where an undercover agent, through an online file-sharing program, sent an electronic "invite" to "Demeyerk," later identified as appellant Kirk Demeyer. (PSR ¶ 8). On the appellant's profile page there was a notice posted next to a minor girl in a two-piece bathing suit, posting the following:

> if you want to see what is in my private folder you need to have something as personnel as to what is in that folder. This folder has me and my daughter. If you want a password to this folder I want vids of the same from you this folder is of private things between me and my daughter if you want to see it you have to have pics or vids of you and your daughter if you don't have a daughter no share!!!!!!!!!! [sic] (Id).

3

Upon identifying the appellant as the individual who had purchased access to the website and confirming his address, agents obtained a search warrant for his residence which was executed on May 8, 2009. The appellant was at his residence at the time of the search, as was his 15-year-old daughter. (PSR ¶ 9). Initially, agents searched a desktop computer and discovered several images, still pictures and videos, involving child pornography, some of which had been produced by the appellant at his residence and involved the appellant engaging in sexually explicit conduct with his minor daughter. (PSR ¶ 9). While executing the search warrant agents informed the appellant of his <u>Miranda</u> rights. Subsequent to waiving his <u>Miranda</u> rights and agreeing to speak with investigators, the appellant advised that he had moved to Arkansas from Wisconsin around 2004 and gained full custody of his daughter; he advised he started viewing child pornography around 2006 or 2007; that he had been accessing and downloading child pornography from websites that usually charged $80.00 for thirty days of unlimited access and that he had paid for access to eight to ten websites over the previous two years. (PSR ¶ 12). The appellant also told agents that he had been using an "internet relay chat program" to meet and chat with people he believed to be young girls, advising that he had been talking with girls as young as seven, eight and eleven-years-old and had attempted to meet at least two girls. (PSR ¶ 9). When discussing images seen by agents on his computer the appellant stated that he had been taking videos of his daughter approximately one year earlier and admitted

4

the videos were shared with another person on the internet. (PSR ¶ 14). Upon examination of the appellant's computer, it was determined there were 594 files concerning the appellant's daughter, 16,098 still images and 735 video files of child pornography. (PSR ¶ 16). Also retrieved from the appellant's computer were message logs where the appellant had been chatting with an individual and using a "web-cam" to transmit sexually explicit conduct occurring between the appellant and his minor daughter. (PSR ¶ 19).

The appellant was subsequently indicted by a Federal Grand Jury and later entered a plea of "guilty" to counts one through four of the eleven-count Superseding Indictment. Counts one through four all charged the appellant with Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) & (e).

### Sentencing Hearing:

On November 10, 2010, the appellant's sentencing hearing was held in United States District Court, Harrison, Arkansas. The district court first inquired into whether or not the appellant was impaired and whether or not the appellant was satisfied with the services of his counsel; the appellant replied that he was not impaired and was satisfied with his counsel. (Sentencing Transcript "ST," p. 48). The district court again went over the plea agreement, ensuring there was a proper basis for the plea agreement and that it was done voluntarily. (ST, p. 50). The district court

5

confirmed that all previously lodged objections to the Pre-Sentence Report had been withdrawn. (ST, p. 52). The district court then determined the Sentencing Guidelines recommended sentencing range. The district court determined the offense level to be a level 43. ( ST, p. 57). The court also determined the appellant's criminal history to be equal to a criminal history category of one. (ST, p.57). As a result, the district court determined that the Sentencing Guidelines recommended, suggested, and advised a sentencing range of "life," supervised release of not less than five years up to life, and a fine up to $250,000.00. (ST, p. 58). The district court clearly pointed out that the Sentencing Guidelines were advisory in nature. (ST, p. 57). Neither the United States nor the appellant presented any testimony at the sentencing hearing. Also, both the Assistant United States Attorney and the appellant's attorney agreed that the district court correctly calculated the advisory Sentencing Guidelines. (ST, pp. 57-58).

Prior to hearing arguments from counsel on what they believed would be an appropriate sentence, the district court informed the appellant as to what would be considered in light of the Sentencing Guidelines and the sentencing goals mandated by federal statute. The district court detailed the sentencing factors enumerated in Title 18, United States Code, Section 3553(a). (ST, pp. 59-60). The district court then heard arguments from both the appellant's attorney and the Assistant United States Attorney on an appropriate sentence. The undersigned Assistant United States

6

Attorney argued for the Sentencing Guidelines recommended sentence of life. (ST, pp. 60-62). The appellant's attorney argued for a 30-year sentence (360 months), requesting that each of the four counts be run concurrently with each other and concurrent with the undischarged state sentence. (ST, pp. 62-63). Alternatively, counsel for the appellant argued that a 60-year sentence be imposed, which involved running two of the counts consecutive with each other and concurrent with the other two counts, but preferred the former request. (ST, p. 63). The appellant was offered the opportunity to allocute and declined. (ST, p. 64).

Following the presentation of sentencing arguments, the district court covered, in great detail, the nature and circumstances of the offense, saying at one point "the betrayal of your responsibility as a parent toward this young woman is pretty much unparalleled." (ST, p. 64). The district court continued to discuss the nature and circumstances of the case and pointed out the developmental difficulties of the victim. (ST, p. 65). The district court considered the history and characteristics of the appellant and then discussed the need for the sentence to reflect the seriousness of the offense. (ST, p. 67). In addition, the district court discussed how the sentence should promote respect for the law, serve as a deterrent and provide the appellant with needed assistance and help. (ST, pp. 68-69). In discussing the need to avoid unwarranted sentencing disparities, the district court stated:

Appellate Case: 10-3596    Page: 14    Date Filed: 02/09/2011 Entry ID: 3753680

It would seem perhaps obscene for the Court to levy a sentence upon you, Mr. Demeyer, which is similar to a man who just views images, but hasn't victimized his daughter, hasn't raped her, hasn't taken advantage of her disabilities. That, to me, would be an unwarranted sentencing disparity. And yet I have had in front of me defendants facing a guideline sentence of life imprisonment for conduct that's not as horrific as what you've done. So there is that concern as well. (ST, p. 69).

The district court, after calculating the Sentencing Guidelines recommended sentencing range, hearing arguments of the attorneys in this case and considering the sentencing factors of 3553(a), sentenced the appellant to a term of imprisonment of 360 months on each of the four counts, to run consecutively with each other, but all concurrently with the state sentence. (ST, p. 70). The district court also imposed lifetime supervised release on each of the four counts, ordered the appellant to pay a fine in the amount of $100,000.00 and pay a special assessment fee in the amount of $400.00. (ST, p. 71). After hearing argument from the appellant's attorney, the district court agreed to amend the earlier pronouncement regarding the fine to $25,000.00. (ST, p. 73). The district court's judgment was filed on November 15, 2010. This appeal followed.

Appellate Case: 10-3596    Page: 15    Date Filed: 02/09/2011 Entry ID: 3753680

# SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion in sentencing the appellant because the factors set forth in 18 U.S.C. § 3553(a) were properly considered in fashioning his sentence of 120 years.  A sentence of life in prison was contemplated by the calculated guideline range and the court imposed such a sentence as a result of that calculation, combined with other appropriately considered information. The district court did  not violate the parsimony principle in imposing this sentence because it considered other cases with similar circumstances in which higher sentences were imposed and determined that a life sentence was not only suitable, but also necessary to comport with the sentencing factors outlined in § 3553(a).  Further, the district court correctly considered appellant's age in determining an appropriate sentence, discussing this fact throughout the sentencing hearing.  This Court should reject appellant's argument that the sentence is unreasonable and should affirm the lower court's sentence.

9

# ARGUMENT

## I.     *The District Court did not Abuse its Discretion in Sentencing the appellant to 120 years.*

### Standard of Review

This Court reviews the "district court's sentence for abuse of discretion." United States v. Bolden, 596 F.3d 976, 984 (8th Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).  A sentence within the guideline range is presumed to be reasonable and "the burden is on the [appellant] to show his sentence should have been lower considering the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Milk, 447 F.3d 593, 603 (8th Cir. 2006).  "An abuse of discretion may occur when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009).

### Discussion

The appellant contends that the district court erred in sentencing him. According to the appellant the sentence is substantively unreasonable and fails to accurately reflect a life sentence as contemplated by the guidelines.  Appellant argues

10

that even though the sentence imposed is technically a within-guideline sentence, the district court should have sentenced him to 360 months in light of his age. However, since appellant's sentence is within the Guidelines range this Court should "accord it a presumption of reasonableness." Bolden, 596 F.3d at 985; citing United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006) ("It will be the rare case in which a within-the-range sentence can be found to transgress the parsimony principle.").

The appellant first contends that the stacking of the sentences for each of the four counts which he pled guilty to makes his sentence unreasonable and one which "does not comport with § 3553(a)." The appellant pled guilty to violating 18 U.S.C. § 2251(a) and (e), each of which requires a statutory term of no less than 15 years and no more than 30 years on the four counts. At sentencing, the district court expressed its intention to "impose [these] sentences in a consecutive fashion to try to achieve a sentence that approaches the guideline range, which as [the court] mentioned is life…" (ST p. 58). Upon inquisition, counsel for the appellant agreed with the manner in which the sentences would be imposed. (ST p. 58). From these statements, it is clear that the appellant knew that the district court could, at least in theory, impose a sentence which included four consecutive 30 year terms, resulting in 120 years imprisonment, the very sentence which appellant received. Therefore, appellant's contention that the pronounced sentence is unreasonable should not persuade this

11

Court.

Additionally, the appellant asserts that the sentence he received does not satisfy the sentencing purposes set forth in 18 U.S.C. § 3553(a). Specifically, appellant believes that the district court committed an error of judgment in determining that a 120 year sentence was sufficient but not greater than necessary. Appellant asserts that the district court failed to consider his age in determining how many years would equate to a life term in prison. However, throughout the sentencing hearing, the district court recognized the appellant's age, specifically stating that no one can predict "how long [a life sentence] will be." (ST p. 68). The district court went on to liken a sentence of life imprisonment to "life tenure on the bench," explaining that neither of them know what that means in terms of time. (ST p. 69). Further, the district court highlighted similar cases in which sentences over 100 years were not deemed "unreasonable" under the circumstances. (ST p. 70).

This Court has previously affirmed statutory maximum sentences, each of which was imposed to run consecutively by the district court, resulting in a term of 750 years in one such case. United States v. Betcher, 534 F.3d 820, 823 (8th Cir. 2008); see also United States v. Bolden, 596 F.3d 976, 985 (8th Cir. 2010)(affirming a life sentence where the district court considered the defendant's age and considered and weighed the relevant sentencing factors under 18 U.S.C. § 3553(a)). In Betcher,

12

the defendant was a first time offender charged with production, receipt and possession of child pornography, much like the appellant. Moreover, Betcher victimized young girls to whom he was related, as the appellant in this case victimized his mentally impaired daughter. Id. In reference to Betcher, this Court concluded:

> We are mindful that a sentence should be sufficient but not greater than necessary, to accomplish the goals of sentencing. Betcher's sentence—for practical purposes—is a life sentence, and that is how we view it. The district court emphasized incapacitation among its various sentencing goals and stressed the importance of a life sentence in achieving that result. The absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of Betcher's crimes.

In light of the similarities between Betcher and the appellant, this Court should reject the notion that a sentence of 120 years is an unreasonable punishment for the actions of the appellant.

Further, the district court reviewed the facts of appellant's case and considered the factors set forth in 18 U.S.C. § 3553(a) before fashioning a sentence for appellant. When a district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, that sentence is not unreasonable. United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)). A district court need not discuss each § 3553(a) factor in detail so

Appellate Case: 10-3596    Page: 20    Date Filed: 02/09/2011 Entry ID: 3753680

long as it is clear from the record that the factors were considered. <u>United States v. Walker</u>, 439 F.3d 890, 892 (8th Cir. 2006).

In examining the nature and circumstances of the offense, the court noted, "The betrayal of your responsibility as a parent toward this young woman is pretty much unparalleled." (ST p. 64). The district court went on to say that appellant "not only looked, but [ ] participated and [ ] helped produce these things and put them out there and [ ] solicited such conduct from others." (ST p. 66). Later, the district court noted that appellant's acts were "almost like spiritual cannibalism, taking away in a most horrific fashion the rights of people who can't protect themselves…." (ST p. 69). Truthfully, words cannot even remotely express the monstrous behavior appellant inflicted on his innocent child. Therefore, the district court concluded, "You'll be going to jail, Mr. Demeyer, and will have a lot of time to reflect on things, as you should." (ST p. 66).

Next, the district court examined the history and characteristics of the appellant. Although the district court recognized that the appellant qualified as a "criminal history category one," the court reemphasized appellant's behavior with his daughter, which the court could not rightfully ignore in examining the history and characteristics of the appellant. (ST p. 67). In <u>United States v. Dehghani</u>, 550 F.3d 716 (8th Cir. 2008), this Court affirmed the district court's sentence when the lower court

14

considered the offender's obsession with child pornography, his intentional exposure of child pornography to his daughters, his "expressed desire to have sexual relations with children" and his forcible oral sex with a minor. See id. at 723 (holding that an above the guideline sentence of 432 months was not an abuse of discretion because the district court appropriately weighed the relevant factors under § 3553(a)). Despite appellant's minimal criminal history, this factor alone is not enough to impose a lighter sentence in consideration of his abominable actions with his daughter.

Additionally, the district court considered the need for the sentence imposed to reflect the seriousness of the offense and noted that the guidelines recommend a life sentence. (ST p. 67). The district court concluded that a life sentence is necessary "to reflect the seriousness of this offense…." (ST p. 68). Further consideration was given to appellant's sentence to promote respect for the law and just punishment. The district court explained that respect for the law conveys reassurance to parents and grandparents who seek to protect their loved ones and find "comfort in knowing that the laws are enforced to try to protect their children and their grandchildren." (ST p. 68). The district court also considered deterrence of future conduct, "to let it be known in our society that the laws have been enacted to punish severely those who transgress in this manner and that courts can and will enforce those laws to protect those that they are designed to protect."

Appellate Case: 10-3596    Page: 22    Date Filed: 02/09/2011 Entry ID: 3753680

The district court also expressed the need to provide the appellant with the necessary help and assistance to address his issues. (ST p. 68). Finally, the district court voiced its concern with "fundamental institutional fairness, avoiding unwarranted sentencing disparities." (ST p. 69). The district court explained that it would be unfair to levy a sentence upon appellant, "which is similar to a man who just views images, but hasn't victimized his daughter, hasn't raped her, hasn't taken advantage of her disabilities." (ST p. 69). Therefore, the court contemplated that a sentence of life imprisonment would not classify as an "unwarranted sentencing disparity" in appellant's case. (ST p. 69). Accordingly, the district court sentenced appellant to serve a prison term of "360 months on each of the four counts" and imposed them to "run consecutively for the reasons [ ] mentioned." (ST p. 70). Therefore, the district court properly considered the factors set forth in 18 U.S.C. § 3553(a) and made an independent assessment as to why these factors are satisfied in light of the information provided to the court.

16

## CONCLUSION

It is the position of the United States that the district court did not err in sentencing the appellant because the factors set forth in 18 U.S.C. § 3553(a) were properly considered in fashioning his sentence of 120 years. A sentence of life in prison was contemplated by the calculated guideline range and the court imposed such a sentence as a result of that calculation, combined with other appropriately considered information. The district court did not violate the parsimony principle in imposing this sentence because it considered other cases with similar circumstances in which higher sentences were imposed and determined that a life sentence was not only suitable, but also necessary to comport with the sentencing factors outlined in § 3553(a). Further, the district court correctly considered the appellant's age in determining an appropriate sentence, discussing this fact throughout the sentencing hearing. For these reasons, this Court should reject appellant's argument that the sentence is unreasonable and should affirm the lower court's sentence.

Appellate Case: 10-3596    Page: 24    Date Filed: 02/09/2011 Entry ID: 3753680

WHEREFORE, the United States respectfully requests that this case be affirmed on appeal.

Respectfully submitted,

Conner Eldridge
United States Attorney


By:    */s/David A. Harris*
        David A. Harris
        Assistant U.S. Attorney
        Arkansas Bar No. 2003104
        414 Parker Avenue
        Fort Smith, AR   72901
        (479) 783-5125

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Jack Schisler
Asst. Federal Public Defender
1401 West Capitol Ave., Ste. # 490
Little Rock, AR 72201

*/s/David A. Harris*
David A. Harris
Assistant U.S. Attorney

19

## **CERTIFICATE**

I hereby certify that the brief has been scanned for viruses and that to the best of my knowledge the brief is virus free.

I further certify that WordPerfect X4 software was used to prepare this brief.

I further certify that this brief complies with the type-volume limitations as set forth in Fed. R. App. P. 32(a)(7)(C). There are 27 pages, containing 534 lines, using Times New Roman 14 point, in the brief.

Dated this 8th day of February, 2011.

*/s/David A. Harris*
David A. Harris
Assistant U.S. Attorney
Arkansas Bar No. 2003104
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125

Appellate Case: 10-3596    Page: 27    Date Filed: 02/09/2011 Entry ID: 3753680